|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>**JUL 01 2010**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** william **DEPUTY CLERK** |

| In re:<br><br>Gregory W Higgs,<br>Adelaida D Higgs<br><br>Sandra McBeth | Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 9:10-bk-11542-RR<br><br>DATE: June 29, 2010<br>TIME: 9:00 AM |
|---|---|---|
|  | Trustee. | CTRM: 201<br>FLOOR: 2nd |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
**(MOVANT:   Wells Fargo Bank, National Association, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint Mortgage Funding Trust 2005-AR4, Mortgage Pass-Through Certif )**

1. The Motion was:  ☐ Contested  ☒ Uncontested  ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:*       **2023 Mariposa Street**
   *Apartment/Suite No.:*
   *City, State, Zip Code:*  **Oxnard, CA 93036**

   Legal description or document recording number (including county of recording):

   ☐ See attached page.

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.  ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                          **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Gregory W Higgs<br>Adelaida D Higgs | | Debtor(s) | CASE NO: 9:10-bk-11542-RR |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated:    07/01/2010

*Robin Riblet*

_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                    **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Gregory W Higgs<br>Adelaida D Higgs | | Debtor(s) | CASE NO: 9:10-bk-11542-RR |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 Was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING</u> ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of          6-29-10                    , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

donna@mcbethlegal.com
ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY THE COURT VIA U.S. MAIL</u>:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Gregory W Higgs
Adelaida D Higgs
4710 Phoenix Drive
Oxnard, CA 93033

Daniel A Higson
Orrock, Higson & Kurta
1835 Knoll Drive
Ventura, CA 93003

☒ Service information continued on attached page

**III. <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                                                **F 4001-1O.RP**

| In Re (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|
| Gregory W Higgs  Adelaida D Higgs | Debtor(s) | CASE NO: 9:10-bk-11542-RR |

# SERVICE LIST

Christopher M McDermott
4375 Jutland Dr Ste 200
San Diego, CA 92117

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                   **F 4001-1O.RP**

Loan Number:

# ADJUSTABLE RATE NOTE
## (Monthly Treasury Average Index - Payment and Rate Caps)

MIN: 100013800866366368

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. MY MONTHLY PAYMENT INCREASES MAY BE LIMITED AND MY INTEREST RATE INCREASES ARE LIMITED.

May 18, 2005          Port Hueneme          CALIFORNIA
[Date]                [City]                [State]

2023 Mariposa Street, Oxnard, CA 93036
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $581,250.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is **GreenPoint Mortgage Funding, Inc.**. I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   **(A)    Interest Rate**
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **3.000%**. The interest rate I will pay may change.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.
   **(B)    Interest Change Dates**
   The interest rate I will pay may change on the first day of **July, 2005**, and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Change Date."
   The new rate of interest will become effective on each Interest Change Date.
   **(C)    Interest Rate Limit**
   My interest rate will never be greater than **12.000%**.
   **(D)    The Index**
   Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the Twelve Month Average of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)" (the "Monthly Yields"). The Twelve Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12, plus our margin rounded to the nearest one-eighth of one percent (0.125%).
   The most recent Index figure available as of the date 15 days before each Interest Change Date is called the "Current Index."
   If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.
   **(E)    Calculation of Interest Rate Changes**
   Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding Three and 500/1000ths percentage points (3.500%) to the Current Index. The Note Holder will then round the result of this addition to the nearest

THIS IS CERTIFIED TO BE A TRUE COPY OF THE ORIGINAL
CHICAGO TITLE — Modified Form 3602 01/01
Modified By GreenPoint Mortgage Funding H94684MU 07/04

Multistate Adjustable Rate Note (Monthly Treasury Average Index)— Single Family--Freddie Mac UNIFORM INSTRUMENT
GreenPoint Mortgage Funding                Page 1 of 4

G P M W D